IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| 2U, INC., and GET EDUCATED INTERNATIONAL PROPRIETARY LTD., <br><br> Plaintiffs, <br><br> v. <br><br> MIGUEL CARDONA, Secretary of Education, and U.S. DEPARTMENT OF EDUCATION, <br><br> Defendants. | Case No. 1:23-cv-00925-TNM <br><br> <u>Oral Argument Requested</u> |

**PLAINTIFFS' MOTION FOR STAY AND
PRELIMINARY INJUNCTION**

Plaintiffs, 2U, Inc. and Get Educated International Proprietary Ltd., respectfully move the Court for a stay pending review and a preliminary injunction.

As explained in the accompanying Memorandum of Points and Authorities, on February 15, 2023, Defendants issued, and on February 28, 2023, revised in pertinent part, a Dear Colleague Letter ("2023 DCL") that effectively redefines a statutory term—"third-party servicer"—appearing in the Higher Education Act ("HEA"). That term—intended to refer to loan servicers and other entities that "administer, through either manual or automated processing," an educational institution's federal financial-aid programs, 20 U.S.C. § 1088(c)—has long been interpreted by the Department of Education to apply only to entities involved in federal financial-aid activities. But the 2023 DCL purports to define a broad swath of other entities that contract with institutions of

higher education (and which have nothing to do with financial aid) as "third-party servicers," and on that basis applies an elaborate "third-party servicer" regulatory scheme to those entities. The 2023 DCL sets an "effective date" of September 1, 2023 for this expansive and novel exercise of regulatory authority.

In issuing the 2023 DCL, Defendants violated the plain language of the HEA, 20 U.S.C. § 1088(c), and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), (C). Defendants also ignored procedural rulemaking requirements under 20 U.S.C. §§ 1089 and 1098a, and 5 U.S.C. §§ 553 and 706(2)(D). As a result of Defendants' unlawful action, Plaintiffs—which partner with colleges and universities to provide online education but do not administer federal financial-aid programs—are newly subject to a host of regulatory requirements intended for loan servicers and other entities involved in such programs. Defendants' unlawful action will impose irreparable harms on Plaintiffs by forcing them to make irreversible changes to their businesses. The September 1, 2023 effective date of the 2023 DCL should therefore be stayed by this Court, *see* 5 U.S.C. § 705, and/or the Department should be preliminarily enjoined from enforcing the DCL.

For these reasons and those detailed in 2U's accompanying Memorandum of Points and Authorities, and based on the accompanying Declarations of Brad Adams and Charles Dameron, and the Exhibits thereto, the Court should enter an Order that:

1. Finds that Plaintiffs are likely to succeed on the merits of their claims that the 2023 DCL should be "h[e]ld unlawful and set aside" as arbitrary and capricious, in excess of statutory authority, and without observance of procedure required by law, 5 U.S.C. § 706(2);

2. Finds that Plaintiffs will suffer irreparable harm in the absence of a stay and preliminary injunction;

3. Finds that the balance of equities and the public interest favor entry of a stay and preliminary injunction;

4. Stays the effective date of the 2023 DCL pending conclusion of these proceedings, *see* 5 U.S.C. § 705, and preliminarily enjoins Defendants from treating Plaintiffs as third-party servicers; and

5. Awards Plaintiffs their costs and attorneys' fees under 28 U.S.C. § 2412. *See Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 948 (D.C. Cir. 2005).

|  |  |
|---|---|
| Dated: April 7, 2023 | Respectfully submitted, |
|  | /s/ *Roman Martinez* |
|  | Roman Martinez (DC Bar No. 1001100) |
|  | Andrew D. Prins (DC Bar No. 998490) |
|  | Charles S. Dameron (DC Bar No. 1048053) |
|  | William J. Seidleck (DC Bar No. 1602107) |
|  |  |
|  | LATHAM & WATKINS LLP |
|  | 555 Eleventh Street NW, Suite 1000 |
|  | Washington, DC 20004 |
|  | Tel: (202) 637-2200 |
|  | Fax: (202) 637-2201 |
|  | Email: roman.martinez@lw.com |
|  |  |
|  | *Attorneys for Plaintiffs* |

## CERTIFICATE OF CONFERENCE

Pursuant to Local Civil Rule 7(m), I hereby certify that I conferred on April 5, 2023, with Christine L. Coogle, counsel for Defendants, regarding the relief sought in this motion. Counsel for Defendants represented that they oppose this motion.

/s/ *Roman Martinez*
Roman Martinez

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2023, I caused the foregoing Motion for Stay and Preliminary Injunction, including all documents associated therewith, to be filed electronically through the Court's CM/ECF system, which will serve a Notice of Electronic Filing upon all counsel of record. Additionally, with prior consent, I electronically served a copy of these documents on Christine L. Coogle, counsel for Defendants, at Christine.L.Coogle@usdoj.gov.

/s/ *Roman Martinez*
Roman Martinez